# Third District Court of Appeal

## State of Florida

Opinion filed August 13, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1110
Lower Tribunal No. 23-22020-CA-01
_____

**Dilia Palma,**
Appellant,

vs.

**Alfredo Rivera Alamilla,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Antonio Arzola, Judge.

J.G Remus Consulting Law Firm, P.L.L.C., and Jeremy George Remus (Jacksonville), for appellant.

Nicklaus & Associates, P.A., and Edward R. Nicklaus and Mark A. Stuart; Campbell Conroy & O'Neil, and P. Brandon Perkins (Fort Lauderdale), for appellee.

Before SCALES, C.J., and LOGUE and LOBREE, JJ.

PER CURIAM.

We treat petitioner Dilia Palma's petition for writ of certiorari as an interlocutory appeal[1] of the trial court's March 17, 2025 nonfinal order that granted respondent Alfredo Rivera Alamilla's motion to disqualify Palma's trial counsel.[2]  We affirm the challenged order because the trial court did not abuse its discretion in granting Alamilla's disqualification motion. <u>See</u> R. Regulating Fla. Bar 4-3.7 (preventing a lawyer from serving as counsel for a party when the lawyer is also a necessary witness in the case); <u>Cordero v. Cordero</u>, 368 So. 3d 1065, 1068 (Fla. 3d DCA 2023) ("The Court's standard of review for orders entered on motions to disqualify counsel is that of an abuse of discretion.").

Petition treated as interlocutory appeal and challenged order affirmed.

---

[1] <u>See</u> Fla. R. App. P. 9.040(c) ("If a party seeks an improper remedy, the cause must be treated as if the proper remedy had been sought; provided that it will not be the responsibility of the court to seek the proper remedy.").

[2] <u>See</u> Fla. R. App. P. 9.130(a)(3)(E) ("Appeals to the district courts of appeal of nonfinal orders are limited to those that . . . grant or deny a motion to disqualify trial counsel[.]").